#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **SELMA LEE JORDAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-611-R |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of the Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered March 24, 2009 [Doc. No. 24] and Plaintiff's Objections to the Report and Recommendation filed April 13, 2009 [Doc. No. 25]. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Plaintiff's Objections.

The Magistrate Judge recommended that the decision of the Commissioner of the Social Security Administration be affirmed. The Magistrate Judge considered Plaintiff's arguments that there was not substantial evidence to support the ALJ's finding with respect to the existence of a mental impairment, specifically that the ALJ failed to discuss significantly probative evidence at step two as to whether a severe mental impairment existed; failed to explain the weight given to the opinions of Dr. Unsell and failed to develop the record as to the existence of a mental impairment; and erred in failing to find that Plaintiff had a severe mental impairment due to depression. *See* Report and Recommendation at p.

7. The Magistrate Judge addressed and rejected Plaintiff's arguments. In her Objections to the Report and Recommendation, Plaintiff states "[t]he sole issue before the court on this appeal was whether the ALJ erred by concluding that Jordan did not suffer from a medically determinable mental impairment." Objections at p. 2. Plaintiff argues that the Magistrate Judge made the following errors. First, he applied the wrong legal standard because he applied the general step two legal standard requiring Plaintiff to prove the existence of a severe impairment in a case where the ALJ denied benefits at step four and was therefore required to consider the combined effect of all impairments, both severe and non-severe, citing *Carpenter v. Astrue*, 537 F.3d 1264, 1265-66 (10th Cir. 2008). Secondly, she asserts that the Magistrate Judge erred in concluding that the ALJ had no duty to pursue the issue of whether a mental impairment existed. Thirdly, Plaintiff asserts that the Magistrate Judge's reliance on post hoc justification argument is legally improper, citing *Allen v. Barnhart*, 357 F.3d 1140, 1445 (10th Cir. 2004).

Plaintiff is correct that because the ALJ found at step two that Plaintiff had severe impairments and found Plaintiff not disabled at step four, it is unnecessary to decide whether the ALJ should have found that Plaintiff had a severe medically determinable medical impairment at step two because any error in that regard would be harmless. *See Carpenter v. Astrue*, 537 F.3d 1264, 1265,-66 (10th Cir. 2008); *Brescia v. Astrue*, 287 Fed. Appx. 626, 628-29, 2008 WL 2662593 at *1 (10th Cir. July 8, 2008)(No. 07-4234).

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments meeting or medically equaling any of the listed impairments in

20 C.F.R. Part 404, Subpart P, Appendix . AR 21. In reaching that conclusion, the ALJ specifically considered, *inter alia*, the sections pertaining to mental impairments. *Id.* The ALJ observed that the Plaintiff had not based her claim for disability benefits on mental problems, *id.*, which is in fact the case. *See* AR 100. Moreover, it is noted that the Plaintiff made no mention of depression or a depressed mood, inability to concentrate, or a lack of motivation and made no other statements in her testimony in the hearing before the ALJ that would have indicated to the ALJ that Plaintiff had any mental impairment or that would have prompted the ALJ to develop the record with respect to a mental impairment. "[A]n ALJ is generally entitled to rely on the claimant's counsel to structure and present claimant's case in a way that claimant's claims are adequately explored.'" *Wall v. Astrue*, ___ F.3d ___, 2009 WL 522867 at * 11 (10th Cir. March 3, 2009)(quoting *Branum v. Barnhart*, 385 F.2d 1268, 1271 (10th Cir. 2004)). Furthermore, an ALJ's duty to develop the record is not unqualified; his obligation is to "ensure that an adequate record is developed during the disability hearing *consistent with the issues raised*." *Id.*, *citing and quoting Henrie v. U.S. Department of Health and Human Services*, 13 F.3d 359, 360-61 (10th Cir. 1993) (emphasis added). An ALJ can reasonably rely on counsel to identify issues that require further development. *Id.*, *quoting Branum,* 385 F.3d at 1271. And a claimant must not only raise the issue sought to be developed but the issue "on its face" must be "substantial." *Id., quoting Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997). In this case, Plaintiff did not list depression or any mental impairment as a basis for her disability claim. Plaintiff's counsel never raised the issue during the administrative hearing nor did Plaintiff's counsel

request further development of the record as to a possible mental impairment. Nor did counsel request a consultative psychological examination or evaluation. Where, as here, Plaintiff and her counsel did not raise a substantial issue or request development of the record, as to the existence of a medically determinable mental impairment, the ALJ exercised good judgment in not delving more deeply into the mental impairment of which Plaintiff has made an issue only on appeal. The few instances in the administrative record referring to depression, flat affect and possible somatization did not require the ALJ to further develop the record. *See Sneed v. Barnhart*, 88 Fed. Appx. 297, 301, 2004 WL 179474 (10th Cir. Jan. 30, 2004)(No. 63-6156). *See also Hawkins v. Chater*, 113 F.3d at 1167. *Wall v. Astrue*, 2009 WL 522867 at * 11. *See Hawkins v. Chater*, 113 F.3d at 1168 ("the standard is one of reasonable good judgment.").

In any event, noting that "the record does contain mention of a flat affect," the ALJ, who had an opportunity to observe the Plaintiff at the administrative hearing, stated that "[t]he claimant does not have any condition meeting even the 'A' criterial for a listed mental impairment." AR 21. More importantly, he observed that the claimant's functioning has not been significantly limited because of mental health complaints." *Id*. The ALJ did not discuss the impression of Plaintiff's primary care physician in May of 2004 (more than a year prior to the alleged disability onset date) of depression and her prescription of Lexapro, an anti-depressant, AR 583 & 583, or the recommendation of Robert Unsell, M.D., who conducted an Independent Medical Evaluation of Plaintiff on May 18, 2005 ordered by the workers' compensation court, "to get a pain evaluation with new MPI to substantiate the somatization"

which he obviously suspected. However, the ALJ must consider all evidence but he need not discuss each piece of evidence. *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). The ALJ repeatedly stated in his decision that he had carefully considered the entire record and all symptoms. The Court takes the ALJ at his word, there being no reason not to do so when he has stated that he considered the entire record and all symptoms. *See Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005).

Both Dr. Unsell, who noted Plaintiff's extremely flat affect and suspected somatization, and C.B. Pettigrew, D.O., evaluated Plaintiff for the workers' compensation court to determine whether Plaintiff's condition had worsened, the former on May 18, 2005 and the latter on April 1, 2005. AR 490-98 & 499-502. Plaintiff was employed at the time of their evaluations. As the ALJ stated, Dr. Pettigrew opined that Plaintiff could continue in her position at the Oklahoma Employment Security Commission, and Dr. Unsell stated that no work restrictions were necessary. AR at 20; *see* AR at 498 & 502. Thus, there is substantial evidence in the record, cited by the ALJ, to support the ALJ's conclusion that "[t] claimant's functioning has not been significantly limited because of mental health complaints." AR 21.

Although the ALJ considered all of Plaintiff's symptoms and any functional limitations due to those symptoms in determining Plaintiff's residual functional capacity for work, because the ALJ properly found that Plaintiff's symptoms of depression or "mental health complaints" [sic- issues] had not significantly limited her functioning, the ALJ did not err in failing to consider Plaintiff's symptoms of depression or non-severe mental

5

impairment, whether or not medically determinable, in determining Plaintiff's RFC or at step four, in determining that Plaintiff retained the residual functional capacity to perform the requirement of her past relevant work.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 24] is ADOPTED in its entirety and the decision of the Commissioner of the Social Security Administration is AFFIRMED.

IT IS SO ORDERED this 20th day of April, 2009.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE